IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00688-MSK-MJW

TAMAR KELLNER,

Plaintiff,

v.

JOHN F. SCHULTZ, M.D.,
JOHN A. LOPEZ, M.D., and
ASPEN VALLEY HOSPITAL DISTRICT d/b/a Aspen Valley Hospital,

Defendants.

## ORDER REGARDING
## DEFENDANT ASPEN VALLEY HOSPITAL DISTRICT'S MOTION FOR IN CAMERA REVIEW (DOCKET NO. 24)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant Aspen Valley Hospital District's Motion for *In Camera* Review (docket no. 24) and Defendant Dr. Schultz's Joinder in Defendant Aspen Valley Hospital District's Motion for In Camera Review (docket no. 26). The court has reviewed the subject motions (docket nos. 24 and 26) and the response (docket no. 32) thereto.

The court has also reviewed, *in camera*: (1) Aspen Valley Hospital records bates stamped AVH 00001 through AVH 00076, inclusive; (2) St. Mary's Hospital records bates stamped SMH 00001 through SMH 00462, inclusive; billing records bates stamped SMHB 00002 through SMHB 00019, inclusive; (3) Sinai Hospital records bates stamped SH 000012 through SH 000393, inclusive; (4) Gillian Stavro, Ph.D., records

2

bates stamped GS00001 through 000017, inclusive; (5) Kevin Krutchfield, M.D., records bates stamped KC000001 through 000084, inclusive; and (6) Greater Baltimore Medical Center records bates stamped GBMC 000001 through 000437, inclusive. The court, hereinafter, shall refer to the above records in its findings as "disputed records."

In addition, the court has taken judicial notice of the court file and has considered applicable: (1) Federal Rules of Civil Procedure; (2) Federal Rules of Evidence; (3) Sections 13-90-107(1)(d) and 13-90-107(1)(g), C.R.S.; and (4) case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motions (docket nos. 24 and 26), Defendants seek an Order from the court compelling Plaintiff to disclose the "disputed records" [i.e., information redacted from the above-listed bates stamped documents]. Defendants argue that paragraphs 14, 40, 54-56, and 60-64 in the operative Complaint do not plead generic-type injuries, and therefore the cases of Weil v. Dillon Cos., 109 P.3d 127 (Colo. 2005), and Alcon v. Spicer, 113 P.3d 735 (Colo. 2005), are inapplicable. Defendants further argue that Plaintiff has impliedly waived her: (1) Colorado physician-patient privilege [§ 13-90-107(1)(d), C.R.S.]; (2) Colorado psychotherapist-patient privilege [§ 13-90-107(1)(g), C.R.S.]; and (3) protection under Martinelli v. District Ct., 612 P.2d 1083 (Colo. 1980). Thus, Defendants argue that they are entitled to disclosure of the "disputed records" and that such records are discoverable and may lead to admissible evidence at trial.

Plaintiff argues that the "disputed records" are: (1) protected under the Colorado physician-patient privilege [§ 13-90-107(1)(d), C.R.S.]; (2) protected under the Colorado psychotherapist-patient privilege [§ 13-90-107(1)(g), C.R.S.]; (3) protected under

3

Martinelli v. District Ct., 612 P.2d 1083 (Colo. 1980); and (4) protected under Weil v. Dillon Cos., 109 P.3d 127 (Colo. 2005), and Alcon v. Spicer, 113 P.3d 735 (Colo. 2005); and that Plaintiff has not impliedly waived such privileges.  See Plaintiff's Privilege Log for Plaintiff's Initial Disclosures Pursuant to F.R.C.P. [sic] 26(a)(1) attached to the subject motion (docket no.24) and cited legal argument outlined in Plaintiff's Response (docket no. 32).

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That this case is a medical malpractice case [i.e., state law claim] that alleges negligent medical care, evaluation, and treatment that was provided to Plaintiff following a snow skiing accident wherein Plaintiff suffered a permanent closed head brain injury;

5. That the basis for jurisdiction in this civil lawsuit is diversity of citizenship.  Colorado State law supplies the rule of decision as to this medical malpractice case, and therefore under Fed. R. Evid. 501, Colorado State privilege law applies.  See Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 877, 881 (10th Cir. 2006);

4

6. That in <u>Weil v. Dillon Cos.</u>, 109 P.3d 127, 130 (Colo. 2005), the Colorado Supreme Court held that the implied waiver extends only to the "cause and extent" of the injuries claimed; and

7. That the "disputed records" [i.e., redacted information] pertaining to Plaintiff's unrelated hormone condition and medications for that condition, as well as the "disputed records" concerning Plaintiff's unrelated mental health history are not relevant to any party's claim or defense consistent with the holdings as outlined by <u>Weil v. Dillon Cos.</u>,109 P.3d 127 (Colo. 2005), and <u>Alcon v. Spicer</u>, 113 P.3d 735 (Colo. 2005). Furthermore, Plaintiff has not impliedly waived her Colorado physician-patient privilege [§ 13-90-107(1)(d), C.R.S.] or her Colorado psychotherapist-patient privilege [§ 13-90-107(1)(g), C.R.S.] or her right to privacy under <u>Martinelli v. District Ct.</u>, 612 P.2d 1083 (Colo. 1980);

In this case, Plaintiff has never asserted a claim for damages relating to her hormone condition, gynecologic conditions, or gynecologic surgeries and has not ever alleged that such conditions are in any way related to her claimed injuries that she suffered in March 2009. The mere fact that Plaintiff was taking medications for her hormone condition when she suffered her claimed injuries for which she is seeking damages is insufficient to place her hormone condition, gynecologic conditions, gynecologic surgeries, and

5

medications at issue. Accordingly, Plaintiff has not expressly or impliedly waived her privileges as cited above. In addition, Plaintiff has never claimed any damages that are related to her prior mental health history, and she has not expressly or impliedly waived her privileges as cited above on her prior mental health history. Further, the "disputed records" [filed in redacted and unredacted form] which this court has reviewed, *in camera*, are not demonstrably related to the issues of causation and/or damages and not likely to lead to admissible evidence and are not discoverable. Lastly, Defendants have failed to demonstrate that Plaintiff has either expressly or impliedly waived her privileges as cited above.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant Aspen Valley Hospital District's Motion for *In Camera* Review (docket no. 24) and Defendant Dr. Schultz's Joinder in Defendant Aspen Valley Hospital District's Motion for In Camera Review (docket no. 26) are both **DENIED**;

2. That the disputed records in both redacted and unredacted form that were submitted to this court for *in camera* review shall be SEALED and not opened except by further Order of Court; and

6

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 6th day of October 2011.

                          BY THE COURT

                          <u>s/Michael J. Watanabe</u>
                          MICHAEL J. WATANABE
                          U.S. MAGISTRATE JUDGE