IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00688

TAMAR KELLNER,

    Plaintiff,

v.

JOHN F. SCHULTZ, M.D.; JOHN A. LOPEZ, M.D.;
and ASPEN VALLEY HOSPITAL DISTRICT
d/b/a ASPEN VALLEY HOSPITAL

    Defendants.

## PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS

Plaintiff Tamar Kellner, through counsel, respectfully submits the following Proposed Voir Dire Questions:

### Past Experiences - Medical Background & Hospitals

Do you or anyone close to you have any experience, training or information about healthcare or the medical profession?

Please tell me what that background is and who has it?

Has anyone here had a particularly good or bad experience with a medical professional or hospital? Please explain.

Has anyone here had a family member or loved one admitted as a patient to a hospital overnight? Do you feel family members should remain with the patient at the hospital overnight, or is it okay to go home? What are your thoughts about that?

### Experience with Case Specific Issues

Do you or anyone close to you have any experience or information, including how they are treated, about any of the following:

- Brain injury
- Brain bleed
- Blood thinning medications
- Heart conditions requiring a cardiologist's care

**Skiing**

Have you, or anyone close to you, had an experience with an injury while skiing? What happened? Was any lawsuit filed?

Who thinks that anyone who is injured skiing should not sue anyone because skiing is a dangerous sport?

**Suing Doctors**

In general what are your thoughts about lawsuits against doctors?

Do you believe that suing doctors is just wrong?

Do you believe lawsuits against doctors have a bad impact on society? Why? How?

Do you believe that there should be a cap or limit on the amount of money recovered from a doctor in a lawsuit? Why? How much?

Would you support a ban of lawsuits against doctors?

Do you believe doctors should not be held accountable for mistakes they make that hurt people as long as they tried their best to help?

One of the doctors being sued is a surgeon. His name is Dr. John Lopez. He did not see the Plaintiff when she was first brought in to the hospital. His first involvement was that the other doctor, Dr. Schultz called Dr. Lopez for his input.

What are your thoughts about a doctor being sued that did not see the patient?

**Suing Hospitals**

What are your thoughts about suing a hospital?

In this case the hospital is being sued because the Plaintiff alleges that the nurses at the hospital were negligent in doing their job in addition to the doctors.

What are your thoughts about suing the hospital for what an employee of the hospital, in this case a nurse, does is just wrong?

**Burden of Proof**

The burden of proof in a civil lawsuit is the preponderance of the evidence, not beyond a reasonable doubt like a criminal case. Preponderance of the evidence means more likely than not, just a slight tip of scale is more likely than not.

Who thinks they would have a problem finding against the doctors or hospital if the Plaintiff only proved their case by a slight tip of scales?

In this case the Plaintiff has two family members who have medical training. Her husband is a dentist and her son in law is an anesthesiologist. Both of these people were at the hospital with the Plaintiff while she was being treated.

How does the fact that the family members with her at the time had medical training affect how you think about the case?

How does the fact that the family members had medical training affect how much proof you would need from the Plaintiff to find against the doctors or hospital?

The Plaintiff also had a pre-existing heart condition. This condition required her to be on a blood thinning medication called Coumadin. Being on this drug means you are more prone to

bleeding, including in the brain. Because of that her primary care doctor had advised her not to go skiing.

How does the pre-existing condition and warning from her doctor not to ski affect how much proof you would need from the Plaintiff to find against the doctors or hospital?

**Damages**

The law allows the Plaintiff to make a claim for the following types of damages:

- Past Medical Expenses – Who thinks in a case like this that past medical expenses are something that you would have a problem giving?

- Past Cost of Care – Same question for past cost of care, things such as assistance the Plaintiff needs due to her brain injury. Who would have a problem awarding those types of damages?

- Future Medical Expenses – Who has a problem with the concept of future medical expenses being something the Plaintiff could recover money for?

- Future Cost of Care – Same question for future cost of care? Who would be hesitant to give money for future cost of care?

- Non-economic damages, such as pain and suffering – Who has a problem with the idea of money being awarded for things like pain and suffering? Follow UP:
    - Does that mean you could never award money for pain and suffering?
    - Who thinks it is greedy to ask for anyone to ask for money for pain and suffering?
    - Who believes that there is no way money can make up for something like that so Plaintiffs should not get money for it?

The Plaintiff has advised the court that at the end of the case they could make a total claim for as much as $10 million.

Who believes that no matter what, no matter what the evidence is that is just too much money?

The Plaintiff in this case, Ms. Kellner, is from Baltimore. She was in Aspen on a ski holiday with her family. Her family is well off.

Is there anything about Ms. Kellner being from back east or her financial situation that will effect how your would think about any money you would award in this case?

**Final Questions**

Is there anything you think I should have asked you but did not, or anything you think I should know about you?

Is there any reason why, if you were in either the Plaintiff's seat or the defendant hospital's chair, you would not want you to be a juror in this case?

Respectfully submitted this 31st day of October 2013.

/s/ William J. Lamping
Jim Leventhal, #5815
William J. Lamping (P-30785 MI)
LEVENTHAL, BROWN & PUGA, P.C.
950 South Cherry Street, Suite 600
Denver, Colorado  80246
Telephone:  (303) 759-9945
Facsimile:  (303) 759-9692
Email:  jleventha@leventhal-law.com
Email:  wlamping@leventhal-law.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 31st day of October, 2013, a true and correct copy of the foregoing was electronically served using the CM/ECF system or sent via U.S. Mail to all other counsel or parties of record:

| | |
|---|---|
| Aaron P. Bradford, Esq.<br>Donald "Tripp" E. Lake, III<br>Lauren E. Sykes<br>Lathrop & Gage, LLP<br>US Bank Tower<br>950 17th Street, Suite 2400<br>Denver, CO 80202<br>Email: abradford@lathropgage.com | Douglas C. Wolanske<br>Ann Thompson<br>Faraci Wolanske, LLC<br>1512 Larimer Street, Suite 1050<br>Denver, Colorado 80202<br>Email: dwolanske@fw-llc.com |
| David J. Nowak, Esq.<br>White and Steele, P.C.<br>600 Seventeenth Street, Suite 600N<br>Denver, CO 80202<br>Email: dnowak@wsteele.com | |

                By: */s/ William J. Lamping*
                   William J. Lamping